IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:21-CR-145 |
| | : | |
| v. | : | (Judge Neary) |
| | : | |
| JOSEPH POWLES, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

Before the court is defendant Joseph Powles's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Powles claims he did not have effective assistance of counsel and wants his state parole sentence to be served concurrently with his federal sentence (instead of consecutively).

After a thorough review of the record and applicable law, it is clear that Powles' motion should be denied on both counts.

## I.    Factual Background and Procedural History

On May 19, 2021, Powles and several co-defendants were indicted on one count of conspiracy to commit mail fraud in violation of 18 U.S.C § 1349. (Doc. 1). The court appointed Attorney Paul J. Kovatch as Powles's counsel. (Doc. 205). Powles initially pled not guilty on January 31, 2023. (Doc. 206). Around nine months later, he was also sentenced to nine months imprisonment by the Pennsylvania Parole Board for having committed mail fraud. (Doc. 263). This sentence was to be served "concurrently, when available, pending sentencing on federal indictment 1:21CR145 and pending [his] return to a state correectional [sic] institution." (Doc. 263).

While represented by Attorney Kovatch, Powles reached a plea agreement. (Doc. 232). As a part of that agreement, Powles pled guilty to count 1 of the indictment: conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. (Id. ¶1). The maximum penalty for this offense is imprisonment for a period of twenty years, a fine of $250,000, and a term of supervised release of three years. (Id.). The plea agreement included a waiver of Powles's direct and collateral appeal rights. (Id. ¶ 25-26).

On August 21, 2023, the court conducted a change of plea hearing to ensure Powles was informed of his rights and willingly entered a guilty plea. (Doc. 280). At the hearing, Powles confirmed that he read, understood, signed, and agreed to the entire plea agreement. (Id. at 6:20-7:10). The prosecutor explained the counts, penalties, and factual basis for the plea, to which Powles's counsel concurred. (Id. at 18:20-23:05.). Additionally, Powles was informed and acknowledged that the plea agreement waived his right to directly or collaterally appeal his conviction or sentence. (Id. at 15:09-17:14).

The court found that Powles was "fully alert, competent, and capable of entering an informed plea, and that this plea is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense pled to." (Id. at 23:12-16). The court therefore accepted the plea and adjudicated him guilty. (Doc. 238). At sentencing, Attorney Kovatch asked the court to make Powles's nine-month sentence on state parole concurrent with any federal sentence so that he could be eligible for halfway houses or residential drug

treatment programs to assist him in combatting his addiction. (Doc. 281at 12:01-13:05). The court questioned whether consecutive sentences would be a barrier to the defendant's ability to receive drug treatment. (Id. at 17:03-17:10). Attorney Kovatch argued that consecutive state custody would be considered a detainer and make the defendant ineligible for a step-down program. (Id. at 20:13-21). The court acknowledged the benefits of participating in further drug treatment programs. The court further addressed a Notice of the Board of Decisions of the Commonwealth of Pennsylvania, Pennsylvania Parole Board which addressed the Parole Board's sentence and its reluctance to accept a time credit without the defendant being physically present in a state institution. (Id. at 18:20-20:24).

The court sentenced Powles to 50 months imprisonment and restitution in the amount of $156,566. (Id. at 23:14-23:18). The court noted Powles's serious criminal history, including while on supervision with the state parole, creating a higher risk of recidivism. (Id. at 21:09-22:21). Still, the sentencing judge exercised his discretion to make the sentence concurrent with Powles's state parole sentence, noting the concurrent sentence would be beneficial to Powles's treatment options. (Id. at 22:22-23:11). At the time of sentencing, Powles had not yet served his state parole sentence.

On February 28, 2025, Powles filed a timely petition to modify his sentence pursuant to 28 U.S.C. § 2255. (Doc. 272). The government filed a brief in opposition on May 21, 2025. (Doc. 282). This matter is now fully briefed and ripe for disposition.

### III.    Legal Standards

#### A.  Motion to Vacate

A federal prisoner who is currently in custody under the sentence of a court may move the sentencing court to vacate, set aside, or correct the prisoner's sentence under 28 U.S.C. § 2255. The court may afford relief under Section 2255 on multiple grounds including, *inter alia,* that the sentence was imposed in violation of the Constitution or laws of the United States or is otherwise subject to collateral attack. See 28 U.S.C. § 2255. As a remedy, the statute permits the court to "vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id. The court must accept the movant's allegations as true unless the allegations are "clearly frivolous on the basis of the existing record." United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005). The court must hold an evidentiary hearing when the motion "allege[s] any facts warranting relief under [Section] 2255 that are not clearly resolved by the record." United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015).

#### B.  Concurrent and Consecutive Sentence

On collateral attack under Section 2255, a petitioner may contest whether the sentencing court erred in ruling that that the sentence imposed should run consecutively or concurrently with another sentence that had or will be imposed. 28 U.S.C. § 2255; United States v. Hopkins, No. 1:06-CR-0064, 2013 WL 2147793, at *1 (M.D. Pa. May 16, 2013). The reviewing court considers whether the district court abused its discretion at sentencing. Setser v. United States, 566 U.S. 231, 244

(2012). Judges in both federal and state court have discretion to select whether the sentences they impose run concurrently or consecutively with other sentences they impose or sentences that have been or will be imposed in other proceedings, including state proceedings. See id. at 235-37; Oregon v. Ice, 555 U.S. 160, 163-64 (2009).

## C. Ineffective Assistance of Counsel

A collateral attack under Section 2255 based on ineffective assistance of counsel is governed by a two-pronged test set forth in Strickland v. Washington. 466 U.S. 668, 669 (1984). To prevail, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness based on the prevailing norms of the legal profession and (2) the deficiencies in representation were prejudicial. Id. at 687. The defendant bears the burden of proving both prongs. See id. at 687.

The reviewing court must be highly deferential to counsel's performance in determining whether counsel has satisfied the objective standard of reasonableness. Id. at 689. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional standards and only a rare claim of ineffective assistance of counsel should succeed under the properly deferential standards. United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989). To satisfy the prejudice prong, a petitioner must show that there is a reasonable probability that the results of the proceeding would have been different but for counsel's unprofessional conduct. Strickland, 466 U.S. at 693-95. A reasonable probability must be sufficient

to undermine confidence in the outcome. Id at 694. The court does not need to complete its analysis in any particular order or address both prongs if the defendant fails to make a sufficient showing on one element. See id. at 697.

## IV.   Discussion

Fundamentally, Powles is seeking relief from the wrong court. This court determined whether his federal sentence could be concurrent to state charges; it did not set his state sentence. (Doc. 264 at 2). Thus, Powles's complaint that he must now serve his Pennsylvania probationary sentence consecutive to his federal sentence is not within the judgment of this court.

Nor does the court have the authority to order Pennsylvania to make Powles's state charges run concurrently with his federal ones. District court rulings for concurrent sentences can be enforced as to federal sentence, but principals of sovereignty limit enforceability as to state sentences. Setser, 566 U.S. at 241. Under federalism, each sovereign, federal and state, has responsibility over its own criminal justice system including setting and enforcing its own sentences. Id. If a prisoner has pending sentences in both federal and state court, each sovereign may independently determine whether the sentences are served concurrently or consecutively with final decision-making power going to the last sovereign to enforce its penalty. Id. Thus, a state court system would separately determine whether to give a prisoner moved from federal to state custody credit against his state sentence without being bound by the federal district court's sentence. Id. The possibility that a state court could fail to follow the federal district court's sentence

6

does not mean that the district court abused its discretion because "[t]hat a sentence is thwarted does not mean it was unreasonable." Setser. 566 U.S. at 244.

Powles additionally argues that Attorney Kovatch's representation was constitutionally deficient because Attorney Kovatch failed to fully explain that the state court system had to agree to his sentence and falsely claimed that he would serve all his time in federal prison. These arguments are not convincing.

At his change of plea hearing, the court advised Powles that while his attorney could make recommendations, any final determinations about his sentence would be made by the court. (Doc. 280 at 13:05-14:04). He was further informed that the court had discretion in determining his sentence, potentially including imposing a sentence above the guideline range. (Id. at 14:08-13). Having affirmed that he understood and acknowledged his attorney's recommendations about sentencing were merely advisory, and that the court had broad discretion in determining his sentence, Powles still pleaded guilty. (Id. 23:06-11).

Therefore, any complaints about the advice he received from Attorney Kovatch on his ultimate sentence are unavailing. Powles pleaded guilty after being informed that the sentence he would receive was solely up to the discretion of the court; he cannot now argue that he was not aware of the consequences of his plea. The mere fact that Powles is dissatisfied with his sentence does not render counsel ineffective. Powles had the opportunity to speak with Attorney Kovatch at the plea hearing if he had any further questions. Additionally, Attorney Kovatch raised concerns about petitioner's sentence and concurrency with the state system at

sentencing. (Doc. 281 at 19:20-20:14). Even assuming Attorney Kovatch did mislead Powles about his ultimate sentence—which to be clear, is only an assumption—Powles cannot demonstrate prejudice. See Strickland, 466 U.S. at 687. He was told, and agreed he understood, no one could guarantee what sentence he would ultimately receive. Further still, it is not clear what more Attorney Kovatch could have done. As explained above, Pennsylvania is a separate sovereign, over which this court has no control. The fact that the Pennsylvania criminal justice system has made a different decision does not render Attorney Kovatch's assistance ineffective.

## V.    Conclusion

Joseph Powles pleaded guilty to a federal offence in addition to his state parole violation. This court does not have jurisdiction to force the Commonwealth of Pennsylvania to accept a concurrent sentencing recommendation. That the Commonwealth of Pennsylvania has decided not to adhere to the federal district court's recommendation does not render Powles's federal sentence invalid. Also, Petitioner's discontent with his sentence does not render his attorney's assistance ineffective as he was fully informed that the court had discretion in setting his sentence before signing the plea agreement and pleading guilty. To the extent he wishes to have his state sentence be concurrent, he must seek review with the Pennsylvania Parole Board. Santiago v. Pa. Bd. of Prob. & Parole, 937 A.2d 610, 615-616 (Pa. Commw. Ct. 2007). Powles's motion (Doc. 272) to vacate, set aside, or correct his sentence will be denied and an appropriate order shall issue.

/S/ KELI M. NEARY

Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    March 9, 2026